# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | |
|---|---|
| JAMES NALLS,<br><br>    Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, JAMES NALLS, BY AND THROUGH COUNSEL, Daniel Brennan, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the city of Villa Rica, Carroll County, Georgia.

3. Venue is proper in the Northern District of Georgia, Newnan Division.

## PARTIES

4. Plaintiff is a natural person residing in city of Villa Rica, Carroll County, Georgia.

5. The Defendant to this lawsuit is Midland Credit Management, Inc. ("Defendant") which is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect two consumer type debts allegedly owed by Plaintiff to Comenity Bank in the amounts of $1,042.00 and 1,073.00 (the "collection items").

7. Defendant is reporting the collection items with a dispute comment on Plaintiff's credit disclosures.

8. Plaintiff no longer disputes the collection items.

9. On November 16, 2021, Plaintiff obtained his Equifax credit disclosure and noticed Defendant reporting the collection items.

10. On November 17, 2021, Plaintiff obtained his Trans Union credit disclosure and noticed Defendant reporting the collection items.

11. On or about December 3, 2021, Credit Repair Lawyers of America on behalf of Plaintiff, sent Defendant a letter informing Defendant that the collection

items are inaccurate and asked Defendant to remove the dispute comment from the collection items.

12. Defendant received Plaintiff's letter on December 6, 2021.

13. On January 14, 2022, Plaintiff obtained his Equifax credit disclosure, which showed that Defendant last reported the collection items reflected by the Equifax credit disclosure on January 11, 2022 and failed or refused to remove the dispute comment from the collection items, in violation of the FDCPA.

14. On January 17, 2022, Plaintiff obtained his Trans Union credit disclosure, which showed that Defendant last reported the collection items reflected by the Trans Union credit disclosure on January 11, 2022 and failed or refused to remove the dispute comment from the collection items, in violation of the FDCPA

15. Defendant's failure to remove the inaccurate dispute remark makes the tradeline false and misleading to any user of the credit reports. It also damages Plaintiff by preventing him from obtaining any mortgage loan or refinancing of the same, as no conventional lender will grant a mortgage based on any credit report that has any tradelines reported as disputed. Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failures to remove the dispute comment.

16. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

17. Defendant had more than ample time to instruct Equifax and Trans Union to remove the dispute comment from the collection items.

18. Defendant's inaction to remove the dispute comment from the collection items were either negligent or willful.

19. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. His credit reports continue to be damaged due to the Defendant's failure to properly report the collection items.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiff reincorporates the preceding allegations by reference.

21. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

22. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. Defendant's foregoing acts in attempting to collect this alleged Debt violated 15 U.S.C. §1692e:

    a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection items with a dispute notation after being informed of the inaccuracy; and

    b. 15 U.S.C. §1692e(8) reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection items after being asked to do so by Plaintiff.

25. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

26. Defendant's failure to remove the erroneous dispute notation from its collection items on Plaintiff's consumer credit file is annoying, humiliating, and embarrassing to the Plaintiff as it creates a false impression regarding his creditworthiness.

27. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has suffered stress causing headaches, loss of sleep, fights with his significant other, and feelings of helplessness.  Additionally, the Plaintiff has continued to suffer

from anxiety, embarrassment, humiliation, and stress from Defendant's violations of the FDCPA.

28. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 24, 2022

By: */s/ Daniel Brennan*
Daniel Brennan
Bar Number 271142
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033

Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com
*Attorneys for Plaintiff,*
*James Nalls*